[J-100A-2016 and J-100B-2016] [MO: Wecht, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | | |
|---|---|---|
| MARY ANN PROTZ, | : | No. 6 WAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered |
| | : | September 18, 2015 at No. 1024 CD |
| v. | : | 2014, vacating the Order of the |
| | : | Workers' Compensation Appeal Board |
| | : | entered May 22, 2014 at No. A13-0096 |
| WORKERS' COMPENSATION APPEAL | : | and remanding with instructions. |
| BOARD (DERRY AREA SCHOOL | : | |
| DISTRICT), | : | |
| | : | |
| | : | ARGUED: November 1, 2016 |
| Appellees | : | |
| | | |
| MARY ANN PROTZ | : | No. 7 WAP 2016 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court entered |
| | : | September 18, 2015 at No. 1024 CD |
| | : | 2014, vacating the Order of the |
| WORKERS' COMPENSATION APPEAL | : | Workers' Compensation Appeal Board |
| BOARD (DERRY AREA SCHOOL | : | entered May 22, 2014 at No. A13-0096, |
| DISTRICT) | : | and remanding with instructions. |
| | : | |
| | : | |
| APPEAL OF: DERRY AREA SCHOOL | : | ARGUED: November 1, 2016 |
| DISTRICT | : | |

## DISSENTING OPINION

**JUSTICE BAER**                 **DECIDED: JUNE 20, 2017**

I respectfully dissent from the majority's holding that Section 306(a.2) of the

Workers' Compensation Act, 77 P.S. § 511.2, which directs a physician to evaluate a

claimant's degree of impairment pursuant to the most recent edition of the American

Medical Association ("AMA") "Guides to the Evaluation of Permanent Impairment,"

constitutes an unlawful delegation of legislative power in violation of Article II, Section I of the Pennsylvania Constitution.[1] Unlike the majority, I do not interpret Section 306(a.2) as delegating legislative authority to the AMA. Rather, the challenged statutory provision delegates preliminary determinations of claimant impairment ratings to board-certified physicians licensed in the Commonwealth who are active in clinical practice. The statute directs these physicians to utilize the most recent edition of the AMA Guides

---

[1] As noted by the majority, Section 306(a.2), entitled "Medical examination; impairment rating," provides in relevant part:

> (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

> (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits under clause (b): Provided, however, That no reduction shall be made until sixty days' notice of modification is given.

77 P.S. § 511.2.

in connection with their initial impairment determination. There is no constitutional infirmity in this approach as it merely evinces the General Assembly's policy determination to adopt the most up-to-date medical advances as the methodology to be utilized by physicians when evaluating whether to classify a claimant as totally or partially disabled. Stated differently, requiring the use of the most recent AMA Guides is not delegating the authority to make law; it is simply declaring the applicable standard by which physicians should conduct impairment rating evaluations. Accordingly, I would uphold the constitutionality of Section 306(a.2) and reverse the decision of the Commonwealth Court, which held to the contrary.

Constitutional challenges alleging that a statutory provision unlawfully delegates legislative power emanate from Article II, Section 1 of the Pennsylvania Constitution. PA. CONST. art. II, § 1 (stating that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives"). Section 1 has been interpreted as requiring the Legislature to make the basic policy choices involved in legislative power, *W. Mifflin Area Sch. Dist. v. Zahorchak*, 4 A.3d 1042, 1045 n. 5 (Pa. 2010), so as to preserve the separation of powers. *Lehman v. Pa. State Police*, 839 A.2d 265, 274 (Pa. 2003). In addition to making basic policy choices embodied in a law, the General Assembly must also supply adequate standards to guide and restrain the exercise of delegated administrative functions. *Pennsylvanians Against Gambling Expansion Fund v. Commonwealth*, 877 A.2d 383, 418 (2005).

Section 306(a.2) does not violate these constitutional mandates. As observed by the esteemed Judge Robert Simpson in his dissent below, the Legislature made the policy decision that in the first instance, the degree of impairment determination must be made by an independently selected (or agreed-upon), certified medical specialist,

engaged in current clinical practice, and based on a uniform, objective, current and independent assessment standard. *See Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 124 A.3d 406, 419 (Pa. Cmwlth. 2015) (Simpson, J., dissenting).[2] The statutory provision clarifies that key to the impairment determination is adherence to prevailing best-practice medical standards, which is objectively demonstrated by licensure and board certification, requisite clinical practice, and employment of current AMA Guides. *Id.* As Judge Simpson cogently noted, "[i]t is hard to see what other basic policy choices remain to be made." *Id.*

As did Judge Simpson below, I agree with the sentiments set forth by the Supreme Court of New Mexico in *Madrid v. St. Joseph Hospital*, 928 P.2d 250, 256 (1996), which examined the same issue regarding whether a workers' compensation statute constitutes an unlawful delegation of legislative authority by requiring the use of the most recent edition of the AMA Guides in evaluating impairment. *Id.* The court found no unlawful delegation, recognizing that "many jurisdictions have articulated compelling rationales for allowing adoption of a private organization's standards into a statutory scheme without finding a delegation of legislative authority . . . even when the standards are subject to periodic revision by the private entity." *Id.*

The New Mexico Supreme Court explained that "[i]t is impractical to expect our Legislature to establish standards for evaluating physical impairment in workers' compensation claims." *Id.* at 258-59. Noting a possible lack of legislative resources to adopt independent medical impairment standards, the court surmised that the legislature chose to utilize objective standards established by the AMA, which is a highly respected and impartial entity that possesses the expertise for such a task. *Id.* at 259.

---

[2] Judges Leadbetter and Covey joined Judge Simpson's dissent.

The New Mexico High Court stated, "[p]rohibiting the Legislature from adopting the standards developed by experts within a rapidly changing medical specialty would obstruct the Workers' Compensation Administration's efforts to provide accurate evaluations of impairment." *Id.* Recognizing that new scientific developments relevant to impairment evaluation demand modification, the court concluded that "[p]eriodic revisions of the standard will not transform an otherwise constitutional and non-delegatory statutory provision into an unconstitutional delegation of legislative power." *Id.*

Consistent with this approach, it is my view that thwarting the Pennsylvania Legislature's ability to incorporate medical standards that are periodically updated due to new scientific developments does not safeguard any constitutionally protected interest but, rather, hinders the accuracy of claimant impairment ratings in workers' compensation cases. Additionally, I fear that the majority's decision will have far reaching consequences as it would apply to various other Pennsylvania statutes that rely on the most current standards and definitions promulgated by entities other than the legislature itself. *See* Opening Brief of Appellee/Cross-Appellant Derry Area School District at 37-40 (citing to numerous statutes that reference current standards and definitions developed by knowledgeable and professional independent entities). Accordingly, I would hold that the General Assembly's common sense decision to direct physicians to utilize the most current medical knowledge when making impairment determinations is a constitutionally sustainable policy decision that should be left undisturbed.